WALTER WILLARD v. SARAH J. MEEKS ET AL.

In an action of trespass to land, the plaintiff, who, as owner of the legal title, was in actual occupancy of part of the *locus in quo*, offered testimony competent to prove that the disputed part of the *locus* was within the boundaries of the same title-deed; he also testified to acts of entry upon and apparent dominion over this part of the *locus*. *Held*, that it was error to withdraw from the jury the question of his disputed possession.

On error to the Middlesex Pleas.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and GARRISON.

For the plaintiff in error, *Willard P. Voorhees.*

For the defendants in error, *Alan H. Strong.*

The opinion of the court was delivered by

GARRISON, J. This contest was before this court upon a previous occasion. 28 *Vroom* 22. The proofs there failed to show that the plaintiff was in actual possession of the *locus in quo* at the time the injury was committed, and as there was no proof that such part was within the metes and bounds of his title-deed, no question of constructive possession arose. It was thereupon held that the motion for a nonsuit should have been granted. The case has now been retried, and the plaintiff has presented proof of his actual occupancy of part of the *locus*, as owner of the legal title, and that the disputed portion was within the boundaries of the same title-deed; he has also testified to acts of entry upon and apparent dominion over a part of the *locus*, to wit, the strip of land lying upon the defendants' side of the weatherboarding of the plaintiff's storehouse, and of the fence that extends to the rear thereof. No motion to nonsuit was made, but at the close of all the testimony the court withdrew from the consideration of the

jury that part of the plaintiff's case that rested upon his disputed possession.

The bills of exceptions do not present with entire clearness the precise error of which plaintiff complains. His substantial grievance, however, is thus set out, viz., that the court "takes away from the jury the question of determining the possession of the land to the east of the fence in the rear of the plaintiff's storehouse," and "of the land lying under the eaves of the storehouse." Such was undoubtedly the designed effect of the judicial action, and in this we think that the trial court was in error.

The previous judgment in this case was reversed upon the ground, among others, that it was error to hold as matter of law that the call in plaintiff's deed for the "side of the storehouse" carried his line to the edge of the eaves.

This description was regarded as giving rise not to a presumption of law to be applied by the court, but merely to an inference of fact to go to the jury with the other circumstances that entered into the debatable question of possession. "The solution of this question," it was then said, "whether it be regarded as one of practical location or of ambiguity in the description of a monumental boundary, is one of fact for the jury, and should have been left to them under proper instructions." This language appears to be still pertinent to the testimony that is again marshaled upon either side of this dispute. Indeed, it is not perceived how this issue can ever be passed upon otherwise than by the verdict of a jury.

There must be a *venire de novo.*