The Harrisburg, Carlisle & Chambersburg Turnpike Road Company, Appellant, *v.* The Harrisburg & Mechanicsburg Electric Railway Company.

*Street railways—Constitutional law—Act of May* 14, 1889—*Eminent domain—Damages—Injunction.*

The act of May 14, 1889, P. L. 211, entitled "An act to provide for the incorporation and government of street railway companies in this commonwealth," is in its general purpose and character within the constitutional powers of the legislature, but section 17, in so far as it undertakes to confer upon a street railway company the absolute right to lay its tracks upon a turnpike without payment or security for the payment of just compensation to the turnpike company, violates section 8 of article XV. of the constitution of Pennsylvania, which directs that corporations "shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction."

A turnpike company obtained an injunction to restrain a street railway

company from laying tracks across its turnpike. The street railway company procured the appointment of viewers under the provisions of sec. 17
of the act of May 14, 1889. The viewers made an award, their report was
confirmed, and the damages as found by them were paid into court. No
security was entered for the payment of any other damages. The court
then dissolved the injunction. The turnpike company appealed from the
decree dissolving the injunction. *Held*, (1) that the decree of the lower
court was erroneous, as no security had been entered for the payment of a
just compensation as it might be finally ascertained upon the disposition
of the appeal; (2) that the act of May 14, 1889, sec. 17, in so far as it
failed to provide for proper security, was unconstitutional; (3) that the
Supreme Court would not direct the injunction to be restored if the railway company should, within ten days after notice, give security to be approved by the court below for the payment of such sum as might be found
due upon the disposition of the appeal.

Argued May 1, 1896.    Appeal, No. 320, Jan. T., 1896, by
plaintiffs, from decree of C. P. Cumberland Co., June T., 1895,
No. 3, on bill in equity.    Before GREEN, WILLIAMS, McCOLLUM,
DEAN and FELL, JJ.    Reversed.

Bill in equity to restrain a street railway company from laying its tracks across a turnpike.    Before BIDDLE, P. J.

From the record it appeared that a preliminary injunction was
granted, and was continued until further order.    A petition was
subsequently presented to the court, setting forth that it had
been impossible to agree with the turnpike road company as to
the amount of damages to be paid for crossing its road, and
viewers were appointed, and report was made of the amount of
damages which would be sustained by the turnpike road company.' A motion to quash these proceedings, and exceptions
filed to the report of the viewers, were overruled and the report
confirmed.    The damages were paid into court.

On March 16, 1896, the attorneys for the railway company
offered in evidence the record and proceedings in the proceedings to assess damages, and moved for the dissolution of the
injunction granted.    This offer was objected to on behalf of the
turnpike road company, but the objection was overruled, and
the injunction dissolved.

*Error assigned*, among others, was decree dissolving preliminary injunction.

*John Hays*, with him *E. B. Watts, E. J. McCune* and *W. F. Sadler*, for appellant.—The act of 1889 conflicts with section 3 of article 3 of the constitution: Dorsey's Appeal, 72 Pa. 192; Road in Phœnixville, 109 Pa. 44; Rogers v. Improvement Co., 109 Pa. 109; Payne v. School Dist., 168 Pa. 386; Ridge Ave. Ry. Co. v. Phila., 124 Pa. 219; Phila. v. Ridge Ave. Ry. Co., 142 Pa. 484; Brown's Estate, 152 Pa. 401; Phila. v. Market Co., 161 Pa. 522. The act offends against section 8 of article 16 of the constitution: Pusey's App., 83 Pa. 67; Millvale Boro. v. Poxon, 123 Pa. 497; Hare v. Rice, 142 Pa. 608; Michael v. Crescent Pipe Line Co., 159 Pa. 99.

The act is an arbitrary governmental interference with vested rights: Bagg's App., 43 Pa. 512; Grim v. Weissenburg School Dist., 57 Pa. 433; Shonk v. Brown, 61 Pa. 320; Haley v. Phila., 68 Pa. 45; Hegarty's App., 75 Pa. 503; Saxton v. Mitchell, 78 Pa. 489.

*A. G. Miller* and *J. W. Wetzel*, for appellee.—The act of May 14, 1889, does not violate section 3 of article III. of the constitution: Penna. R. R. v. Montgomery County Pass. Ry., 167 Pa. 62; Payne v. School Dist., 168 Pa. 389; nor is it in conflict with section 8 of article XVI. of the constitution: Lockhart v. Craig St. Ry., 139 Pa. 419; D., L. & W. R. R. v. Ry., 11 Pa. C. C. 165.

OPINION BY MR. JUSTICE WILLIAMS, October 5, 1896:

There is no room for doubt that the general purpose and character of the act of May 14, 1889, entitled "An act to provide for the incorporation and government of street railway companies in this commonwealth," are within the constitutional powers of the legislature. There may be particular provisions that are not. This appeal challenges the constitutionality of a provision found in the seventeenth section, and raises a question not heretofore considered. The eighth section of the sixteenth article of the constitution was intended to protect private property against the exercise of the right of eminent domain in a harsh or unjust manner. It provides that "just compensation" shall be made to the owner for all property taken, injured or destroyed by any corporation, "which compensation shall be paid or secured before the taking, injury or destruction shall be

permitted.   The machinery by which "just compensation" may be ascertained has been provided by law, and it includes an appraisal made by viewers appointed by the proper court, an appeal by either party therefrom, and an ascertainment of the amount of the "just compensation" by a jury upon a trial after the forms of the common law.

Security for the payment of the just compensation to which the property owner is entitled must therefore be security for the amount that may be recovered upon the trial of the appeal from the appraisement before a jury.   This is a plain constitutional requirement, and the legislature can neither dispense with it in whole or in part.   The provision of the act of 1889 now complained of authorizes the corporation, when an appeal has been taken from the award of viewers by the property owner, to pay into court the amount of the unsatisfactory award, and thereupon to take possession of, or proceed to injure or destroy, the property of the appellant.   The section declares that the right to build and use the desired crossing over the plaintiff's turnpike "shall vest" in the railway company upon the payment into court of the amount of the award, and the money shall remain in court to "await the final judgment on said appeal." If the verdict should be much more than the award the plaintiff has no security for its payment, and may have no means for its collection.   The title to the crossing having "vested" when the money was paid into the court, the crossing became a part of the line of the railway subject to incumbrance by mortgage or otherwise and subject to alienation.   It might well happen that when a judgment was finally entered on the verdict in favor of the property owner ascertaining the amount of compensation due him, the corporation would be found to be insolvent, the line of railway with all its appurtenances incumbered to its full value or transferred to a purchaser, and the plaintiff left without security or any responsible party to whom to look for the larger part of his "just compensation" for the injury sustained by him.   This is a result that the constitutional provision was intended to guard against, and would effectually prevent if it was fully enforced.   The act of 1889 is unconstitutional in so far as it undertakes to confer an absolute right on the corporation to injure the property of the plaintiff by its crossing, without payment or security for the payment of a just compen-

sation as it may be finally ascertained upon the disposition of the appeal.

The decree was erroneous and must be reversed, but it is not necessary that the injunction shall be restored if the defendant will promptly give the security that should have been given before making the crossing.

The decree is reversed and the record remitted with direction that the injunction be restored unless the defendant corporation shall within ten days after notice of this order give security to be approved by the court below for the payment to the plaintiff of such sum as may be found due upon the disposition of the appeal from the award of the appraisers now pending, as the damage sustained by, or the compensation due to, the plaintiff by reason of the crossing of its turnpike road by the railway of the defendant at grade.

Injunction not to issue if such security be given, costs to be paid by the defendant.