(73 South. 257)

No. 20564.

MEGASON et al. v. BOLEYN LUMBER CO.

(June 30, 1916. On Application for Rehearing, Dec. 11, 1916. Supplemental Opinion Dec. 15, 1916.)

*(Syllabus by Editorial Staff.)*

1. DEEDS ⚮65—SALES—ACCEPTANCE BY GOING INTO POSSESSION.

The going into possession by the purchasers of land shows an acceptance of the deed by them which supplies the absence of their signatures thereto.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 144; Dec. Dig. ⚮65.]

2. EVIDENCE ⚮265(10)—CONCLUSIVENESS—ADMISSION BY PLAINTIFF.

In suit for land by parties claiming under the father of one of them against party claiming title under the grantee of the father, the admission by a plaintiff, in answer to interrogatories which he thought had been propounded by his own lawyer, that he did not purchase the property or pay anything for it, but acquired it by inheritance, made out the case of defendant, who had regularly paid taxes on the property, wild land, for 40 years.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1038; Dec. Dig. ⚮265(10).]

3. TRIAL ⚮58—ADMISSION BY PLAINTIFF—WITHDRAWAL.

Such admission by a plaintiff could not be withdrawn by him to defendants' prejudice on the ground that it was made thoughtlessly.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 137; Dec. Dig. ⚮58.]

4. EVIDENCE ⚮265(17) — ADMISSION OF PLAINTIFF AS AFFECTING TITLE OF COPLAINTIFFS.

In such suit, the title of the other plaintiffs, as established by their recorded deed, could not be overthrown by the admission, especially after its retraction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1049; Dec. Dig. ⚮265(17).]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Suit by J. C. Megason and others against the Boleyn Lumber Company. From a judgment for plaintiffs, defendant appeals. Judgment set aside in so far as in favor of the named plaintiff, and otherwise affirmed.

Breazeale & Breazeale, of Natchitoches, for appellant. J. W. Jones, Jr., of Natchitoches, for appellees. Smith & Dismukes, of Natchitoches, for warrantors.

PROVOSTY, J. On June 2, 1866, Benjamin Megason executed in favor of his three sons, James C., Z. T., and George Megason, an act of sale conveying to them the 320 acres of land in controversy in this case, for a recited consideration of $1,000 "cash in hand paid, receipt of which is hereby acknowledged." On June 28, 1866, this act was acknowledged before the deputy clerk of court, and was duly recorded.

[1] The evidence shows that James C. Megason and one of his brothers went to live upon the land at the time of this purchase, and that James C. Megason lived upon it for more than a year. The deed is not signed by the said purchasers; but this going into possession by them shows an acceptance which supplies the absence of their signatures.

About a year after this sale, Benjamin Megason and his sons moved to Texas. In August, 1868, he and his wife executed a deed under private signature to the same land in favor of David A. Blackshear.

The defendant claims title under Blackshear; the plaintiffs, under the deed made in favor of James C. Megason and his two brothers. They are James C. Megason him-

self, and the children of the two brothers.

Plaintiffs claim that the Megason brothers when moving to Texas left a Mr. Wilson as their tenant on the land, who for several years looked after it for them. Defendant claims that Mr. Blackshear leased the land for several years to one Berry. We think the preponderance of the evidence is rather with plaintiffs on this question of continued occupancy. It is not a disputed fact, however, that this occupancy, whoever had it, continued for but a few years, and that the land from that time until now has been simply lying out in the woods, of little value except for its timber, which itself was until recently of little value because of inaccessibility. Whatever part of it was ever cleared is now grown up in trees of as much as 18 inches diameter. Plaintiffs do not pretend to have paid taxes on this property during this more than 40 years; and while Mr. Blackshear, son of the Blackshear to whom the sale was made, stated that the taxes had been regularly paid—meaning by his side of the house—the evidence was objected to, and ruled out, on the ground that a certificate from the tax collector was the best evidence; and such a certificate was never produced, although an offer of it in evidence was made.

The contention of defendant is that the title of the plaintiffs was never anything more than a mere paper title never intended to have any effect; that no part of the recited price was ever paid; and that the so-called purchasers never went into possession. In support of this contention defendant propounded interrogatories to James C. Megason, who, in answer to them, testified that he and his brothers derived title to the land by inheritance from their father; that they had not purchased it, and had not paid a cent for it, and did not at that time have any money with which to have purchased it. When so answering he was under the impression that the interrogatories had been propounded by his own lawyer. Later, when advised by his lawyer and his nephew that his said testimony was all wrong, that their suit was based upon a deed duly recorded, the consideration whereof was $1,000 cash in hand paid, he sought to mend his hold, and say that his former testimony had been given thoughtlessly, but that in reality he and his brothers had made the purchase, and that they had obtained the money with which to make it from some cotton which Governor Moore had given them, authorized them to take, because of their being poor Confederate soldiers.

[2, 3] The admission on the part of James C. Megason that he did not purchase the property, and did not pay anything for it, but acquired it by inheritance, makes out defendant's case fully, and is binding upon him, we think, and cannot be withdrawn to the prejudice of defendant.

[4] But we do not think the title of the other plaintiffs, as established by their recorded deed, can be overthrown by this testimony; especially after the witness has retracted it.

The plaintiffs demand also the value of timber removed from the land by defendant. The trial court decided in their favor on the question of title, and allowed them $337.-31 for the timber. In this court they have filed an answer asking for an increase of this allowance. Beyond the amount thus allowed the evidence is too vague to serve as a basis for judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside in so far as in favor of James C. Megason, and that it be otherwise affirmed; that as to one third undivided of the property in dispute, namely, of the west half of the southwest quarter of section 11, the north half of the northwest quarter of section 14, and the north half of the northeast quarter

of section 15, township 10 north, range 10 west, parish of Natchitoches, the title of the defendant be recognized, and the suit of James C. Megason be dismissed; that as to the two other thirds undivided of the said property the title of the plaintiffs W. B., T. T., and C. E. Megason, and C. O. Jones and Mrs. Mittie Durs be recognized, and that these plaintiffs have judgment against the Boleyn Lumber Company for the sum of $224.86, with 5 per cent. per annum interest thereon from the 18th day of February, 1914, and for the costs of the lower court; and that the said Boleyn Lumber Company have judgment against its warrantor, the D. G. Petty Lumber Company, in a like amount, and also in the further sum of $800; and that plaintiffs pay the costs of this appeal.

### On Application for Rehearing.

O'NIELL, J. Our attention is called to an acknowledgment, signed by the attorneys for all of the parties to this suit, that the Southwest National Bank of Commerce, of Kansas City, Mo., was substituted for the Boleyn Lumber Company, as defendant in this suit; and our attention is called to the written consent of all of the parties hereto that the Southwest National Bank of Commerce, of Kansas City, Mo., be recognized in the judgment of this court as the defendant.

The decree rendered and filed herein on the 30th of June, 1916, is therefore amended by recognizing the Southwest National Bank of Commerce, of Kansas City, Mo., to be the owner of an undivided third interest in the property described in the foregoing decree, and by recognizing the plaintiffs W. B., T. T., and C. E. Megason, and C. O. Jones and Mrs. Mittie Durs to be the owners of two-thirds of said property, and by decreeing that said plaintiffs recover of and from the substituted defendant Southwest National Bank of Commerce, of Kansas City, Mo., $224.86, with interest thereon at 5 per cent. per annum

from the 18th of February, 1914, and the costs of the lower court; and by decreeing that the substituted defendant Southwest National Bank of Commerce, of Kansas City, Mo., recover of and from the warrantor, the D. G. Petty Lumber Company, the said sum of $224.86, with interest as aforesaid, and the further sum of $80; and it is ordered and decreed that the plaintiffs pay the costs of this appeal. The rehearing is denied.

### Supplemental Opinion.

PER CURIAM. In the line next to the last line of the amendment of the decree, by a typographical or clerical error, the figures $80 were written instead of $800, in copying from the decree originally rendered herein. There was no application for an amendment of the decree, and no intention on our part to alter or amend it, in that respect. The only amendment made was the substitution of the Southwest National Bank of Commerce as defendant in place of the Boleyn Lumber Company. The typographical or clerical error is therefore corrected so as to read $800 instead of $80.