JACOB STECKLER

VS

PEOPLE'S HOUSE-WRECKING CO.

No. 7800.

April 19th, 1920.

477

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for rent. It is based upon the following lease:

Jacob Steckler hereby leases to People's Housewrecking Co. the unimproved real estate No. 1123-25 Girod Street for the term of twelve months commencing on the first day of June 1917, and ending on the thirty-first day of May 1918.

x x x "It is hereby understood and agreed that unless the lessee notifies the lessor of its intention in writing on or before December 20th, 1917 of its declaration not to renew this lease, the said lease will become ipso facto renewed and operative for an additional year, commencing June 1st,1918 and ending May 31st, 1919, at a monthly rental of Thirty dollars, upon same terms and conditions specified herein. x x x Should the lessee at any time fail to pay the rent punctually at maturity, as stipulated, the rent for the whole unexpired time of this lease shall, without putting said lessee in default, at once become due an exigible, and in case of suit the said lessee shall pay as counsel fees an additional sum of ten per cent on the amount so due and exigible".

"Signed" People's House Wrecking Co.,

Henry B. Eckers, Pres."

The plaintiff averred

"that the lessee, the defendant herein failed to notify him on or before December 20th, 1917 of its intention not to renew the said lease, and that, therefore, said lease became, ipso facto, renewed and operative, for an additional year commencing June 1st, 1918";

that the rent for the six months of June, July, August, September, October, and November, 1918 at $30 per month, or $180, is now due

478

and unpaid, and under the terms of the lease the rent for the remaining six months ending May 31st, 1919 is also due, making in all $360 with ten per cent attorney's fees.

In a supplemental petition the plaintiff averred that the defendant was not a corporation and he prayed for judgment against Henry B. Eckers.

Henry B. Eckers admitted that the People's Housewrecking Co. was not incorporated, and that he had signed the lease, but denied all the other allegations; he averred

"that he sent written notice to plaintiff of his intention not to renew the lease sued upon; that the said notice was written on the 15th day of December 1917 and put into a mail box on the same day said notice was written; that the said letter of notification was addressed to plaintiff at his residence in the City of New Orleans, and was sent in an envelope with defendant's name and address on the corner of the said envelope; that said notice was written and sent after defendant herein had verbally notified plaintiff of his intention not to renew the said lease; that the son and agent of plaintiff subsequently brought notes for defendant to sign which he refused to do whereupon the said agent of plaintiff admitted that he had knowledge that defendant had declared his intention not to renew the lease".

Some months after this answer was made, the defendant filed an exception of no cause of action on the ground that the lease had never been signed by plaintiff and that, therefore, there was no mutual assent binding on both parties.

This exception does not appear to have been considered by the trial judge, and he rendered judgment in favor of the plaintiff against the defendant as prayed for.

The reasons for judgment were as follows:

"The defendant representing himself to be a corporation known as "The People's House Wrecking Co." leased the property herein described for a term of 12 months at $25 per month. The written lease contained a stipulation that at the end of the year the lease would automatically renew itself unless defendant notified plaintiff in

writing to the contrary. The defendant attempted to prove that this notice was written and mailed, and that the lease was not extended for the additional year. This burden is carried by defendant, and he avers that the notice was mailed. The plaintiff denied postively its receipt and I see no reason to doubt it. The law requires it to be delivered in accordance with the contract and the mailing alone is insufficient. Judgment for plaintiff".

It is not essential that the lessor's consent to the lease be shown by his signature or other writing. A lease may be verbal. C. C., 2683 (2653).

"Assent to contracts which the law does not require to be in writing is implied when manifested by actions". 2 H.D. 1002 No, 22, C. C., 1811 (1805); 122 La., 667; 33 Dalloz p 78 ǂ 106; 24 Demol ǂ 54; 15 Laurent ᴠ 482.

"A party need not accept a contract expressly or by his signature; he does so by availing himself of its stipulations". 2 H. D., 1002 No. 16.

The acceptance of a mortgage may be shown outside of the act. 1 H. D., 938 No. 3; 35 A., 455.

Even in sales of immovables the vendee's consent may be shown otherwise than by his signature. 2 H. D., 1327 Nos. 4, 14; 35 A., 850; 116 La., 941; 140 La., 431.

A mandate acted upon is equivalent to an acceptance in writing. C. C., 1816 (1810); C. C., 2989 (2958); Pothier No. 32; 21 Baudry-Lac p 244 ᴠ 497; 24 Demol ǂ 56.

In this case, in accordance with the lease, the lessee signed and delivered to the lessor twelve notes representing the first year's rent. This constituted an assent to the lease and "the entire contract between the debtor and the creditor". Ells vs Sims, 2 A., 251 (254).

A familiar example of an acceptance of a contract is to sue upon it, as the lessor did in this case. 7 A., 349; 15 A., 428; 122 La., 667.

The defendant is not in a position to deny the lease, as in his answer he admitted it.

The defendant offered in evidence the following letter:

New Orleans, La., Dec. 15th, 1917.

Mr. Jacob Steckler,

1903 Robert St.

Dear Sir:

This will notify you that on and after May 31 - 18 we will cancel lease of ground No. 1123-1125 Girod St. which we have on rent at present.

Yours truly,

People's House Wrecking Co.

per  Henry B. Eckers.

Henry B. Eckers testified that he caused the above letter to be type-written by his son; that he signed his name to the carbon copy and put it into an envelope addressed to the plaintiff and on the same day dropped it into a mail box, at the corner of Julia and Baronne Streets; he kept the original which is the one offered in evidence; upon the left hand corner of the envelope was the business card of the People's House Wrecking Co.; Mrs. Steckler rang him up about the rent; he told her that he had notified Mr. Steckler by mail that he was going to cancel the lease at its expiration, and not renew it; Mr. Steckler's son brought him a dozen notes to sign for the renewal of the lease; he told him he would not sign them as his intention was to leave the place; the son said to him !

"I will leave the notes, you may change your mind and renew the lease";
these notes are still in defendant's possession.

J. W. Eckers, son of defendant, testifies that he wrote the above letter at his father's dictation on December 15th; that his father signed the carbon copy and mailed it on that day to the plaintiff in an envelope with defendants card printed upon it addressed to the plaintiff, 1903 Robert Street.

Jacob Steckler swears that he did not receive any notice from the defendant of his intention not to renew the lease.

William Steckler, son of plaintiff, testifies that he did not receive any notice from the defendant that he would not renew the lease; some time in January, 1918 he took twelve notes and a lease to the defendant's office; he was not in; he left the notes with his son; some time after

481

"he (defendant) said he would let it lay over for some time as they were negotiating for property elsewhere;"the property is still vacant; when he left the notes there, he did not say "may be you would change your mind"?

Mrs. Jacob Steckler testified that they were living in the latter part of 19 17 at 1903 Robert Street; that they did not receive any letter from the defendant Company or from Henry B.Eckers regarding the lease of the property 1123-1125 Girod Street; that she received the mail; Mr. Eckers did not telephone to her that he was not going to renew the lease.

As the burden of proof, was upon the defendant to establish that he had notified the plaintiff of his "intention not to renew the lease", we think he has failed to do so.

William Steckler and Mrs. Jacob Steckler both deny his statements concerning a verbal notice that he did not intend to renew the lease. Not only does the testimony of these two witnesses nullify the testimony of the defendant, but his testimony upon this point was subject to objection; the contract requirement of "written notice" was stipulated for the very purpose of avoiding this clash between the witnesses. The mere mailing of the letter containing the notice that the defendant did not intend to renew the lease, constituted only a presumption that the letter reached the plaintiff; it would have established the fact in the absence of contradictory testimony; but the plaintiff and his wife both testified that they had never received any letter of that kind; this testimony destroys the presumption and leaves the defendant without any proof that his letter reached its destination. 2 Texas Appeals, Civil Cases, 463 Mo. Pacific R.Rd. vs Kuthman; Ault vs Interstate Assn., 15 Wash., 627 ( S.C. 47 Pacific 13); Abbott Proof of Factw ( 3 Ed) 665; 141 U. S., 25; 213; Abbott's Trial Ev., 433, 803.

The clause concerning the renewal of the lease in the absence of notice from the lessee to the contrary is valid. Morris Build'y Co. vs Hughes, 9 Ct. App., 259; 8 Ct. App., 258; 12 Ct. App., 218.

In this case there is no uncertainty about the clause for a tacit renewal of the lease as there was in Murrell vs Lion, 30 A., 255.

The clause concerning attorney's fees was continued in the renewal lease. 8 Ct., App., 123.

Judgment affirmed.